# EXHIBIT C

# HURWITZ SAGARIN SLOSSBERG &KNUFF LLC

DAVID A. SLOSSBERG, ESQ.
DSlossberg@hssklaw.com

LAW OFFICES
147 North Broad Street
P.O. Box 112
Milford, CT 06460-0112
T: 203.877.8000
F: 203.878.9800
hssklaw.com

*VIA REGULAR MAIL AND EMAIL (pcolbath@loeb.com)*

February 5, 2016

Paula K. Colbath
345 Park Avenue
New York, New York 10154-1895

Re: The Penn Mutual Life Insurance Company v. Kehoe, Et Al., 15-Cv-01111

Dear Attorney Colbath:

As you know, our office represents Daniel Carpenter in connection with the above-referenced matter (the "Penn. Mutual Action"). Your associate, Alex Young, advised us just before 5:00 p.m. on February 3, 2016 that he had supposedly arranged for Mr. Carpenter to be served with a subpoena commanding his attendance at a deposition on February 10, 2016. The deposition cannot proceed as you intend for several significant reasons:

    1.    Based on the information we have, it does not appear that Mr. Carpenter, who is not a party to the Penn. Mutual Action, was served with such a subpoena. If you have proof otherwise, such as an affidavit of service, please provide it to us.

    2.    It is readily apparent that you have not complied with either the letter or the spirit of Federal Rules of Civil Procedure 45. Attempting to arrange an out-of-state deposition on less than one week's notice is simply unreasonable in this case. Neither I nor Mr. Carpenter are available to attend a deposition on February 10 on such short notice. As you well know, Mr. Carpenter's long-anticipated criminal trial in USA v. Carpenter et al., 3:13-cr-00226-RNC (D. Conn) (the "Criminal Action") is scheduled to start on February 16, 2016. Your proposed deposition date is less than one week prior to the start of that trial. Mr. Carpenter is highly involved in the preparation of his own defense, which requires all of his attention, as well as that of his criminal lawyers.

    3.    Your effort to cram a civil deposition in just days before Mr. Carpenter's criminal trial is highly prejudicial to Mr. Carpenter and is a practice frowned upon by our Federal Courts, including the Second Circuit. Seeking Mr. Carpenter's deposition when his criminal trial is imminent places undue burden on the exercise of his Fifth Amendment privilege. Indeed, it is obvious to us that the only reason you have sought his deposition now, on short notice, just days before his criminal trial, is to extract some exercise of his Fifth Amendment rights in the hopes of securing an adverse inference. The Second Circuit has held that it is appropriate in circumstances such as these to stay discovery entirely pending resolution of the criminal action.

Paula K. Colbath
February 5, 2016
Page 2 of 2

4. There does not appear to be any reason why you could not delay your effort to depose Mr. Carpenter. We understand that discovery in this action has just recently commenced and no depositions have been taken to date. The Court's scheduling order does not require depositions to be completed until March 4, 2016, at which point Mr. Carpenter's criminal charges may be resolved. If they are not, the Court appears to have previously been willing to extend your deadlines and would likely do so again in order to protect a non-party's Fifth Amendment rights.

Please let us know by close of business today whether you will agree not to proceed with efforts to depose Mr. Carpenter until after completion of his criminal trial. Absent agreement, we intend to file an appropriate motion for protective order.

Very truly yours,

David A. Slossberg