# EXHIBIT D



LEILY LASHKARI

345 Park Avenue
New York, NY 10154

**Direct** 212.407.4962
**Main** 212.407.4000
**Fax** 646.417.6331
llashkari@loeb.com

Via E-mail

February 5, 2016

David A. Slossberg, Esq.
Hurwitz Sagarin Slossberg & Knuff LLC
147 North Broad Street
P.O. Box 112
Milford, CT 06460

Re: The Penn Mutual Life Insurance Co. v. Kehoe *et al.*, 15 Civ. 1111

Dear Mr. Slossberg:

I write in response to your letter of today to my colleague Paula Colbath as to your intent to move for a protective order with regard to Daniel Carpenter's upcoming deposition, which has been scheduled for February 10, 2016, at the Donald W, Wyatt Detention Facility in Central Falls, Rhode Island. Paula is in an all-day deposition today and has asked that I respond to your letter.

At the outset, I want to note that Mr. Carpenter was served properly with a subpoena. A copy of the subpoena was previously sent to your office, and I have also attached a copy of the affidavit of service you requested.

Contrary to your assertions, we have more than complied with both the letter and the spirit of Rule 45, and there has been no delay on our part. As you are aware, on December 23, 2015, Universitas made a motion to take Mr. Carpenter's deposition in prison pursuant to Fed. R. Civ. P. 30(a)(2)(B). Universitas' motion was unopposed and was granted by the Court on January 4, 2016. On January 5, 2016, Paula emailed Mr. Carpenter's attorney, Richard Brown of Brown Paindiris & Scott, and informed Mr. Brown that Universitas' motion had been granted, that Mr. Carpenter had been moved to a detention facility in Brooklyn and that we had been in touch with that facility to ascertain timing and protocol issues. On January 6, Mr. Brown responded that he did not know if he would be representing Mr. Carpenter at the deposition but would let us know.

We were then in the midst of coordinating with the Brooklyn facility to serve Mr. Carpenter with a subpoena for his deposition, but for reasons unbeknownst to us, Mr. Carpenter was moved from the Brooklyn facility. We then had to investigate where Mr. Carpenter had been moved, found out that he was moved to the Donald W. Wyatt Detention Facility in Rhode Island, and had to start again with scheduling and coordinating his deposition with the Rhode Island facility. Having not heard back from Mr. Brown, on January 22, 2016, my colleague Alex Young emailed Mr. Brown again and asked if he would be representing Mr. Carpenter at the deposition, informed him that we were working with the Rhode Island facility to schedule Mr. Carpenter's deposition, and sent Mr. Brown another copy of Judge Nathan's Order granting Universitas'





motion to take Mr. Carpenter's deposition in prison. Again, no word from Mr. Brown. Alex contacted Mr. Brown again on January 26, to no avail.

On the evening of January 28, we finally received an email from Mr. Brown's office that your firm would be representing Mr. Carpenter at the deposition. As you know, on January 29, Alex emailed you and asked you to confirm that you would be representing Mr. Carpenter at the deposition, informed you that we were working with the Donald W. Wyatt Facility in Rhode Island to schedule Mr. Carpenter's deposition for February 10, relayed to you that the facility required the personal information of all nonattorneys attending the deposition, and emailed you a copy of the subpoena for Mr. Carpenter and Judge Nathan's Order granting our motion for leave to take Mr. Carpenter's deposition in prison.

We finally heard back from your colleague David Shufrin at 5:42 pm on February 1. Mr. Shufrin's email said nothing about your "unavailability" on February 10 to represent Mr. Carpenter at the deposition and said nothing of your intention to move for a protective order. Instead, Mr. Shufrin asked for the "contact information for the individual [we] are working with at the Donald W. Wyatt Detention Facility" and told us that "[t]o the extent the facility will require personally identifiable information from us, we'd prefer to provide that directly." Alex then emailed your colleague, Mr. Shufrin, on February 2, February 3 *and* February 4, providing Mr. Shufrin with the name of the contact at the Rhode Island Facility and reminding Mr. Shufrin again to provide the Rhode Island facility with a list of attendees in advance of the February 10 scheduled deposition, but did not hear back from Mr. Shufrin. Instead, we received your letter today.

As detailed above, any insinuation that we have caused a delay in serving a subpoena on Mr. Carpenter or that we have not given proper notice of the deposition is baseless. We emailed your office five times in the past week and were informed today -- for the first time -- by you that "[n]either [you] nor Mr. Carpenter are available to attend a deposition on February 10". Certainly, on February 1, when Mr. Shufrin responded to my colleague, Alex Young, he not only made no mention of your "unavailability" but, rather, informed us that he would reach out to the facility directly with personally identifiable information for the upcoming deposition of Mr. Carpenter.

You are also incorrect that discovery in this action has just commenced and that the Court would likely grant yet another extension of the discovery deadline. We have already received one extension of the Scheduling Order and, at this time, fully intend to abide by the discovery deadlines ordered by the Court. While we recognize that Mr. Carpenter has a criminal trial starting on February 16, the criminal trial, as you have noted, has been "long-anticipated" and therefore Mr. Carpenter has presumably prepared accordingly. As such, there is no reason why Mr. Carpenter cannot have his deposition taken on February 10 at the Rhode Island facility as planned.

Finally, we take issue with your assertion that "the only reason [we] have sought [Mr. Carpenter's] deposition now, on short notice, just days before his criminal trial, is to extract some exercise of his Fifth Amendment rights..." Mr. Carpenter is a key witness in our case, a fact that you do not and cannot dispute. There is a strong likelihood that Mr. Carpenter's criminal trial will continue beyond our deadline for fact discovery. The February 10 date is nearly a week before his criminal trial starts and there is no valid reason why the February 10 date





cannot stand. As detailed above, we have worked tirelessly to communicate with your firm on a near-daily basis with regard to Mr. Carpenter's February 10 deposition only to be informed for the first time today that you and Mr. Carpenter are "not available" to attend the deposition.

We intend to move forward with Mr. Carpenter's deposition on February 10 as planned. If you still intend to file a motion for protective order, we ask that you include in your motion papers not only a copy of this letter to you, but the prior emails referenced above that are in your possession.

Very truly yours,

Leily Lashkari