USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 30 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

The Penn Mutual Life Insurance Company,

Plaintiff,

–v–

Kathy Kehoe as Trustee of the Sickness, Accident & Disability Indemnity Trust 2005, et al.,

Defendants.

15-cv-1111 (AJN)

ORDER

---

ALISON J. NATHAN, District Judge:

Before the Court is R. Aaron Seehawer's ("Seehawer") motion to intervene in this action, pursuant to Rule 24 of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted.

## I. BACKGROUND

This is an interpleader action concerning three life insurance policies whose proceeds were placed on deposit with the Court. *See* Dkt. Nos. 13, 14; *see also Life Insurance Company of the Southwest v. Kehoe*, No. 15-cv-4594, Dkt. No. 14.[1] It was commenced on February 17, 2015. Dkt. No. 1. The parties subsequently resolved the dispute over the proceeds from one of the life insurance policies, *see* Dkt. Nos. 75, 79, and the remaining dispute concerns two policies purchased by the Grist Mill Employee Welfare Benefit Plan ("Grist Mill"). Kathy Kehoe, an interpleader defendant, is the trustee for Grist Mill. Universitas Education LLC ("Universitas"), the other interpleader defendant, claims an interest in the proceeds from the two life insurance

---

[1] Pursuant to a stipulation between the parties, this Court consolidated *The Penn Mutual Life Insurance Company v. Kehoe*, No. 15-cv-1111, and *Life Insurance Company of the Southwest v. Kehoe*, No. 15-cv-4594. *See* Dkt. No. 27. Unless otherwise noted, all citations to the docket in this order are to the first-filed case (No. 15-cv-1111).

policies by virtue on an outstanding judgment against Grist Mill. On June 15, 2016, Universitas and Grist Mill (acting through Kehoe) reached a settlement and placed that settlement on the record before this Court. *See* Colbath Decl., Ex. B, Dkt. No. 97-2. One provision of the settlement agreement is that the proceeds from the life insurance policies on deposit with the Court will function as security in the event Grist Mill cannot make the payments required under the settlement. *Id.* at 3.

Seehawer, the would-be intervenor, is a trustee for the B.A. Fischer Agreement, which is the designated beneficiary of the two policies purchased by Grist Mill. *See* Seehawer Br. 3-4, Dkt. No. 94. Seehawer filed a separate suit against Kehoe, again in her capacity as trustee for Grist Mill, and Universitas in the District of Idaho on February 24, 2016, raising claims relating to his interest (as a trustee) in the policies, including a claim for breach of fiduciary duty against Grist Mill. Smith Decl., Ex. 3, Dkt. No. 95-3. He filed a motion to intervene in this action on July 27, 2016. Dkt. No. 88. Universitas, the only party to oppose the motion, filed its response on August 10, 2016, Dkt. No. 96, and Seehawer filed a reply on August 16, 2016, Dkt. No. 98.

## II.  DISCUSSION

Federal Rule of Civil Procedure 24 outlines the requirements for intervention as of right and for permissive intervention. Fed. R. Civ. P. 24(a), (b). "In order to intervene as of right pursuant to Rule 24(a)(2), the applicant must: (1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action." *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 197 (2d Cir. 2000). Courts generally consider "substantially the same factors whether the claim for intervention is 'of right' under Fed. R. Civ. P. 24(a)(2), or 'permissive' under Fed. R. Civ. P. 24(b)[]." *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006). But a district court has "considerable discretion" in deciding a motion for permissive intervention. *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir.

2005). Here, although the Court has serious concerns about the timeliness of Seehawer's motion to intervene, it will exercise its discretion to permit him to intervene under Rule 24(b).[2]

As an initial matter, Universitas does not challenge that Seehawer has an interest in this litigation or that his interest may be impaired by the disposition of the action. *See* Seehawer Br. 10-11 (noting that Seehawer claims an interest in the insurance proceeds on deposit with the Court and that Universitas may acquire some or all of those proceeds if it prevails). Accordingly, the only two factors at issue here are whether Seehawer's motion was timely and whether his interest is not adequately protected by the current parties (namely, by Grist Mill).

Turning first to the question of timeliness, the Court has "broad discretion in assessing the timeliness of a motion to intervene." *Holocaust Victim Assets*, 225 F.3d at 198. The factors courts consider when assessing timeliness include "how long the motion to intervene was delayed, whether the existing parties were prejudiced by that delay, whether the movant will be prejudiced if the motion is denied, and unusual circumstances militating either for or against a finding of timeliness." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182 (2d Cir. 2001). Here, Seehawer filed his motion to intervene more than seventeen months after this litigation commenced and after the parties and the Court invested substantial resources in the litigation and settlement effort. He justifies that delay on the grounds that he "took steps to intervene as soon as it became apparent that Grist Mill was no longer representing [his] interests" and filed the motion to intervene "as soon as [he] was able." Seehawer Br. 8. But that claim is belied by the fact that Seehawer filed suit against Grist Mill in Idaho in February 2016, five months before Seehawer moved to intervene in this action. Moreover, Seehawer's complaint in the Idaho action raises the specter that Grist Mill failed to comply with its fiduciary duties, *see* Smith Decl., Ex. 3 ¶ 84, further demonstrating that he was on notice of a potentially adverse outcome in this case but nonetheless intentionally sat on his hands until that adverse outcome was realized.

---

[2] Because the motion to intervene is granted, the Court does not decide whether Seehawer could also intervene under Rule 24(a)(2).

Despite the Court's concerns about Seehawer's tactics, it nonetheless holds that Seehawer's intervention is timely within the meaning of Rule 24(b), given the wide latitude afforded district courts in assessing timeliness and given the stage of these proceedings. There is currently a motion to enforce the June 15 settlement pending before the Court. Dkt. No. 99. Pursuant to Local Rule 6.1(b), opposition to that motion is due September 1, 2016. The Court will extend that deadline by only a week, thereby minimizing any prejudice to Universitas. *See Long Island Trucking, Inc. v. Brooks Pharmacy*, 219 F.R.D. 53, 55 (E.D.N.Y. 2003) (noting that "prejudice to the existing parties" is the most important factor in assessing the timeliness of a motion to intervene). And although Seehawer plainly could have (and likely should have) intervened at least in advance of the settlement conference, denying Seehawer's motion would prejudice him by preventing him from raising arguments as to why the settlement is not enforceable. Universitas contests the notion that denying Seehawer's motion would cause him prejudice on the grounds that he can continue to litigate his claims against Grist Mill in the Idaho action. *See* Opp. Br. 13, Dkt. No. 96. But whether Seehawer can prevail on those claims is separate from the issue of whether Grist Mill and Universitas can enforce their settlement in this action, and Universitas does not dispute that the answer to the latter question may affect Seehawer's interests. Accordingly, the Court deems Seehawer's intervention timely enough.

Universitas's remaining challenge to Seehawer's motion is that Grist Mill, which owes a fiduciary duty to Seehawer, has adequately represented his interests. This contention hinges on two premises: first, that Grist Mill can use the proceeds from the two life insurance policies at issue here to satisfy Universitas's judgment, and second, that using those proceeds as security for the settlement agreement was consistent with Grist Mill's fiduciary obligations. Although those may well be winning arguments, they are also arguments that Seehawer seeks to challenge through his intervention. In other words, the question of whether Grist Mill has adequately represented Seehawer's interests turns on the legal issues that Seehawer may raise if he is a party. In light of that fact, the Court will permit Seehawer to intervene.

## III. CONCLUSION

For the foregoing reasons, Seehawer's motion to intervene is GRANTED. His request to stay the briefing on Universitas's motion to confirm the settlement is denied as moot. Opposition to that motion shall be due by September 8, 2016, and any reply shall be due by September 15, 2016.

This resolves Docket Nos. 93 and 104.

SO ORDERED.

Dated: August 30, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge