

# HALLORAN
# &SAGE LLP
### ATTORNEYS AT LAW

**DAN E. LABELLE** 203 222-4303  labelle@halloransage.com
Also admitted in New York

April 7, 2017

**Via ECF Filing**

Hon. Alison J. Nathan
United States District Judge
Southern District of New York

   Re: *The Penn Mutual Life Insurance Company v. Kathy Kehoe, Trustee, et al.*
     Dkt. No.: 1:15-cv-01111-AJN
     *Life Insurance Company of the Southwest v. Kathy Kehoe, Trustee*
     Dkt. No.:  1:15-cv-04594-AJN

Dear Judge Nathan:

  We are the attorneys for defendant Kathy Kehoe, Trustee of the Grist Mill Trust. We write in compliance with the Court's endorsement order (Doc. 131) directing the parties to inform the Court whether they consent or object to the Letter Motion to Release Funds filed by R. Aaron Seehawer (Doc. 129) ("the Letter Motion").  The Letter Motion requests a partial distribution from the interpleader funds on deposit with the Court in the amount of $736,210.  Grist Mill Trust agrees that a distribution should be made from the interpleader funds to Mr. Seehawer, but only in the amount of $436,210, not in the amount of $736,210.

  As Your Honor is aware, the settlement agreement between Grist Mill Trust and Universitas Education LLC ("Universitas") requires Grist Mill Trust to make eight quarterly payments to Universitas in the amount of $218,105 and contemplates that partial distributions would be made from the interpleader funds in the same amount as each payments is made.  The distributions are to be made to Grist Mill Trust or its designee, Mr. Seehawer.

  As Your Honor is also aware, an injunction was issued on June 29, 2016 in the District of Idaho which prohibits Trustee Kehoe from "effectuating the settlement agreement."  Although Trustee Kehoe was prohibited from effectuating the settlement agreement, she was not prohibited from making payments against the judgment owed to Universitas.  Over the past year, Grist Mill Trust has continued making payments against the judgment and the amount of the payments, were it not for the injunction, would have satisfied the first two quarterly payments due under the settlement agreement in October 2016 and January 2017.  Again, were it not for the injunction,

315 Post Road West, Westport, Connecticut, 06880   203 227-2855   Fax 203 227-6992   www.halloransage.com

Hartford / Danbury / Middletown / New Haven / New London / Westport / Washington, D.C.

Hon. Alison J. Nathan
April 7, 2017
Page 2

those payments would have resulted in distributions from the interpleader fund in the amount of $436,210 which Grist Mill Trust would have designated to Mr. Seehawer. In calculating the requested distribution amount of $736,210, Mr. Seehawer erroneously included a $300,000 payment made by Grist Mill Trust before the scheduled quarterly payments were to begin. Under the terms of the settlement, the $300,000 payment would not trigger any distribution from the interpleader funds and so should not be included in the calculation of any distribution now[1].

After the Court issued its decision enforcing the settlement agreement (Doc.128), a motion was filed in the District of Idaho to dissolve the injunction. The motion is unopposed and the undersigned counsel received e-mail correspondence from the Idaho Judge's law clerk that an order on the motion will be issued within "a week or two." Although we fully expect that the injunction will be dissolved shortly, Trustee Kehoe would prefer that no distribution from the interpleader funds be made until the injunction is formally dissolved. Under the terms of the settlement agreement, Universitas and Grist Mill Trust must make a joint application to the Court requesting a distribution from the interpleader funds. Trustee Kehoe and the undersigned counsel have a concern that making such an application would constitute a violation of the injunction which technically is still in effect.

The parties are required by the decision enforcing the settlement agreement to make a further procedural report to the Court by April 14th. Trustee Kehoe desires that the distribution to Mr. Seehawer occur as soon as possible. We will inform Your Honor further on the status of the Idaho injunction in our next report.

Very truly yours,

/s/ Dan E. LaBelle

DEL/hs
cc. via ECF Paula Colbath, Esq.
         Bradley Dixon, Esq.

---

[1] Under the terms of the settlement agreement, another quarterly payment is due April 12th. A third distribution in the amount of $218,105 could therefor be requested shortly.
4765266v.1